[1] Defendant has appealed from a judgment of conviction and a sentence of two years' *Page 497 
imprisonment in the penitentiary on a charge of having sold mortgaged personal property without the written consent of the mortgagee and without informing the purchaser that the property was mortgaged. Sec. 4492, R.S. 1939, Mo.R.S.A.
[2] The cause is presented upon the record proper. Appellant is not represented by counsel, no bill of exceptions and no brief have been filed, but it is our duty to search the record for any errors that may appear therein. Sec. 4150, R.S. 1939, Mo. R.S.A.
[3] The prosecution is based upon an information duly filed in the circuit court of Iron County, Missouri, on October 1, 1948. The charging part of the information is as follows: "That on or about the ____ day of July, 1948, at and in the County of Iron and State of Missouri, one Tony Clark Staab did then and there feloniously sell, convey and dispose of a 1941 Ford 1 1/2 ton Truck, Motor Number 336049, the same being a motor vehicle which was security for a loan made by McClary Motor Sales, R. L. McClary Proprietor, and on which there was a Chattel Mortgage for purchase money made by said Tony Clark Staab to said McClary Motor Sales, as evidenced by Chattel Mortgage recorded in Iron County, Missouri, which said Chattel Mortgage and the Note secured thereby had been assigned and transferred to Goodman Finance Company of Flat River, Missouri, Jake Goodman Proprietor, and on which said mortgage note there remained an unpaid balance of $400, all of which facts said Tony Clark Staab then and there well knew, without first having secured the written consent of the beneficiary said Goodman Finance Company, so to do, and without informing Robert Stout the person to whom he sold said motor vehicle that the property was mortgaged as aforesaid, against the peace and dignity of the State."
[4] The information purports to charge an offense under Sec. 4492, R.S. 1939, Mo.R.S.A. It follows the language of the statute and describes the entire offense by setting out the facts constituting it. While the information does not allege the value of the mortgaged property sold and disposed of by the defendant, the value of the property so far as concerns this prosecution, was sufficiently stated by the allegation as to the amount of the note ($400) given for purchase money, the payment of which was secured by a mortgage on the truck. This allegation was sufficient to classify the offense as a felony and the information is not invalid by reason of any failure to more expressly allege the value of the property. Sec. 3952, R.S. 1939, Mo.R.S.A.; State v. Ferris, 322 Mo. 1, 16 S.W.2d 96, 98. Nor is the information invalid by reason of charging that the sale and disposition was made "without first having secured the written consent of the beneficiary said Goodman Finance Company," rather than without the written consent of the said Jake Goodman, assignee and beneficiary, since the information had previously named Goodman as proprietor of the Goodman Finance Company to whom the note and chattel mortgage had been assigned. The facts stated are sufficient to constitute a valid charge of the statutory offense in question. The information fully informed the defendant of the charge against him and is sufficient in form and substance. State v. Ferris, supra.
[5] The verdict is in proper form. The jury found defendant "guilty as charged in the information" and fixed his punishment therefor at imprisonment in the state penitentiary for a term of two years. This term is within the limits of punishment prescribed by Sec. 4492, supra, which limits are two to five years' imprisonment, where the property is of the value of $50 or more. A motion for a new trial was duly filed, considered and overruled. Allocation was granted defendant, and the trial court duly sentenced him in accordance with the verdict.
[6] Finding no error in the record proper, the judgment of the trial court is affirmed.
[7] BRADLEY and VAN OSDOL, CC., concur.