STATE of Missouri, Respondent,

v.

M. O. SPURLOCK, Appellant.

No. 46413.

Supreme Court of Missouri,

Division No. 1.

May 12, 1958.

No brief filed for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant, M. O. Spurlock, was charged with and convicted of the felony of driving a motor vehicle while in an intoxicated condition, and his punishment was fixed by the jury at imprisonment in the penitentiary for a term of two years. Section 564.440 and Section 564.460 RSMo 1949, V.A.M.S. (as amended, Laws 1953,

**844**

p. 416). He has appealed from the ensuing judgment.

A brief statement of the facts will suffice. Two police officers of the City of Springfield testified for the State. It appears from the testimony of Officer Craig that he arrested the defendant on February 23, 1957, at about 2:45 p. m., after he had observed defendant driving an automobile down Monroe Street in Springfield with the car weaving back and forth across the street from one curb to the other. This witness stated further that when the defendant got out of the car he was drunk; that he could not walk without assistance; that his tongue was thick and he could not speak plainly; that his breath smelled strongly of alcohol; that defendant admitted he had been drinking and a bottle of whiskey about one-third full was found in the front seat of the car. Two other men were in the car with defendant and they were also drunk. Officer Durant testified that defendant was "awfully" drunk; that he staggered when he attempted to walk, could not speak distinctly, and had a strong odor of beverage alcohol on his breath.

Defendant testified that he had been sick in bed for nine days before the day of his arrest; that he had not had a drink on the day in question and "hadn't taken a drink of nothing for over ten days"; he admitted driving the car on the instant occasion and stated that he was weaving the car back and forth across the street in an attempt to miss "chuck-holes" in the street. He further stated that he was afflicted with epilepsy which sometimes made him appear to be drunk when he was not. For the purpose of impeaching the testimony of the defendant the State obtained admissions upon his cross-examination that defendant, on one previous occasion, had been convicted of driving while intoxicated and had been convicted of careless and reckless driving on three prior occasions.

The defendant has not filed a brief and therefore it becomes our duty to examine the assignments in his motion for new trial. The first assignment is that the verdict is unsupported by any evidence of felonious intent on the part of the defendant. That contention is without merit. There was ample evidence that defendant was driving the automobile and that he was, at the time, intoxicated. Under the provisions of Section 564.440, supra, proof of those two elements is sufficient to sustain a conviction. State v. Campbell, Mo. Sup., 292 S.W.2d 297. Proof that the defendant was driving the motor vehicle and that he was in an intoxicated condition while so doing is sufficient evidence to authorize a finding by the jury that the defendant, in so driving the said vehicle, was acting feloniously.

█ The next assignment is that the verdict "is an illegible scrawl and does not define any punishment or penalty provided by law." The verdict as shown by the transcript reads as follows: "We, the jury, find the defendant, M. O. Spurlock, guilty as charged in the information and we assess his punishment at two years in penitentiary." The information properly charged the offense of operating a motor vehicle while in an intoxicated condition. The verdict finding the defendant guilty "as charged in the information" was in proper form. State v. Staab, Mo.Sup., 223 S.W.2d 496. The punishment fixed was within the limits prescribed by Section 564.460, supra. The original verdict is not in the transcript and there is no proof that it was illegible. It is obvious that the trial court could read the instrument as it accepted the verdict and pronounced judgment thereon. It is evident that the court reporter was able to read the verdict as it was copied into the transcript without any notation concerning its possible illegibility. Moreover, the attorney for the defendant approved the transcript which contained a copy of the verdict in the foregoing form. We rule this assignment against the defendant.

Defendant next asserts that he "was not accorded a preliminary hearing before a qualified magistrate of Greene County." That question was raised for the first time in the unverified motion for new trial and no proof was offered to support the assignment. Moreover, in State v. Casteel, Mo.Sup., 64 S.W.2d 286, 287, we stated, "the motion for new trial, assigns error on the part of the trial court in proceeding to trial when defendant had not been accorded a preliminary hearing. No showing was made at the trial pro or con on this question. It is not incumbent on the state to make proof that a preliminary hearing was accorded before proceeding to trial. If a defendant desires to raise that question, he should file a plea in abatement and offer proof that he was not accorded a preliminary hearing. In this case the question was first raised in the motion for a new trial. Appellant by pleading to the information and going to trial waived that question and he cannot now complain that he was not accorded a preliminary hearing." The point is obviously without merit.

The fourth assignment is that the verdict was the result of "partiality, passion and prejudice" and the penalty is "excessive, unreasonable and unjust." The complaint that the verdict was the result of passion and prejudice is too general and preserves nothing for appellate review. State v. Burks, Mo.Sup., 257 S.W. 2d 919. The maximum punishment provided for the instant offense is five years' imprisonment in the penitentiary. Section 564.460, supra. The period of imprisonment specified in the verdict was well within the limits prescribed by the statute and there is nothing to indicate that it was excessive, unreasonable or unjust.

Assignment number five of the motion is that "the verdict is the result of false and perjured testimony of arresting city police interested only in the conviction of the defendant." That contention is without merit. No evidence was offered by defendant upon the hearing of the motion for new trial to prove the assignment and we find nothing in the transcript which would tend to indicate that either of the police officers testified falsely.

The sixth assignment reads as follows: "The court erred in excluding competent, material, and relevant testimony in the cross-examination of witness for the State as to the amount of intoxicating liquor that would cause intoxication." It will be noted that we are not advised as to the name of the witness or the exact testimony which defendant contends was erroneously excluded. We have, however, read the testimony elicited on the cross-examination of both of the witnesses for the state and have concluded that defendant intended to complain of the sustention of an objection to a question propounded to Officer Craig. The witness had testified that a pint whiskey bottle had been found in the car, which was one-third full. Then the following occurred: "Q. And you think three men had got dog drunk on two-thirds of a pint? Mr. Sturgis: If the court please, I object to that; there is no evidence as to that. The Court: Yes; the objection is sustained." It is our view that the court properly sustained the objection. There was no evidence that the three men had drunk from the bottle in question or that two-thirds of a pint of whiskey was all of the intoxicating liquor that they had consumed. In the absence of evidence as to the quantity of whiskey *defendant* had consumed, any inquiry in regard to the amount of whiskey required to cause intoxication would have been irrelevant.

The final assignment is that the court erred "in instructing the jury to find the defendant guilty of felonious intent." While it is difficult to understand what the defendant means by that assignment, we assume that he intended to complain that the evidence would not support the submission hypothesized in the main instruction to the effect that defendant "did felonious-

ly drive" etc. We have heretofore disposed of that contention in connection with assignment number one of the motion for new trial.

We have examined the record and find no error in regard to matters not required to be preserved in the motion for new trial. We have concluded that the defendant was afforded a fair trial, and that the judgment should be affirmed. It is so ordered.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.