**STATE of Missouri, Respondent,**

**v.**

**Sam SPIKES, Appellant.**

**No. 49584.**

Supreme Court of Missouri,

Division No. 1.

May 13, 1963.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Edward A. Glenn, Special Asst. Atty. Gen., Louisiana, for respondent.

HYDE, Judge.

Defendant, charged under the Habitual Criminal Act (Sec. 556.280), was convicted of stealing from a person and sentenced to two years' imprisonment. Secs. 560.156, 560.161. (Statutory references are to RSMo and V.A.M.S.) Defendant has appealed but has filed no brief so we consider all assignments made in accordance with Supreme Court Rule 27.20, V.A.M.R. (See also Rule 28.02.)

The State's evidence was that Herbert Cole went to a liquor store on the corner of Page and Euclid in the City of St. Louis and cashed his $30.00 pay check. He bought a half pint of whiskey, gave $3.00 to his cousin and left with $25.00 in his hand, going to a cleaner to get clothes left there. It was dark and after walking west a short distance he was "tackled" from behind and forced to the ground. There were two men, one got his money and the other got his whiskey. He saw the face of the man who got his money and recognized him as defendant. The men went north through an alley between two houses. A man living nearby heard Cole calling for help and called the police. Cole gave them the name of defendant as the man who took his money. Three days later, Cole saw defendant at the police station and identified him there and at the trial. Cole had known defendant for about two years and had seen him about a dozen times during that period. The defense theory was that Cole was drunk (but had no substantial evidence of it) and could not have recognized defendant. Of course, this was a jury issue.

Defendant's first assignment of error concerns limitation of cross-examination of Cole, who said he first met defendant when he came to his house "in January, year before last" at which time he was introduced to him. The ruling on the following question is the error claimed: "Q Did you form any opinion with respect to your like or dislike of him at that time? MR. CRAWFORD: I will object to that, Your Honor—hold it up, sir—I will object to that, that would be totally irrelevant and immaterial to any issues in this case as to what his opinion might or might not have been, at the time he first met him. THE COURT: Sustained." There was no offer of proof, no other questions or testimony on the subject and nothing said to show any relevancy or purpose of the inquiry so that this matter is not properly preserved for appellate review. In any event: "Necessarily, the trial court is permitted much discretion in determining, and limiting, the scope of cross-examination. State v. Murrell, Mo., 169 S.W.2d 409. Particularly is this true as to collateral matters. State v. Burchett, Mo. [Sup.], 302 S.W.2d 9, 18." State v. Winn, Mo.Sup., 324 S.W.2d 637, 642. On this record, we find no prejudicial error in this ruling.

Defendant's second and third assignments claim perjured testimony of Cole and variance with previous testimony and statements, all of which was for the jury to determine. As we said in State v. Spurlock, Mo.Sup., 312 S.W.2d 843, 845: "That contention is without merit. No evidence was offered by defendant upon the hearing of the motion for new trial to prove the assignment and we find nothing in the transcript which would tend to indicate that either of the police officers testified falsely." The situation is the same here.

Defendant's remaining assignments four and five are too general to comply with Rule 27.20 and do not preserve anything for appellate review. Assignment four complains of the verdict being "based on speculative circumstantial evidence only."

A positive identification based on immediate recognition at the very time of the assault is about as far from circumstantial evidence as any evidence could be. Assignment five only says that each instruction was "improper in form" and "a misdirection to the jury," with nothing to show in what respect or why. The issue was simple and we consider it to have been made plain by the instructions.

We have examined the record as required by our Rules 28.02 and 28.08 and find it sufficient with respect to those matters therein specified.

The judgment is affirmed.

All concur.