STATE of Missouri, Respondent,

v.

Charles Lee McCLAIN, Appellant.

No. 41666.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1980.

Rehearing Denied July 18, 1980.

Stephan J. Nangle, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of stealing property of a value of at least $50.00 and sentenced by the court under the Habitual Criminal Act to serve a term of seven years in the Missouri Department of Corrections. On appeal, defendant argues that the trial court erred in overruling his motion to suppress state's exhibits 1–8. For the reasons set forth below, we affirm.

At approximately 9:00 p. m. on November 27, 1978, Detective James Ferrari, an officer of the St. Ann Police Department, was parked in an unmarked police car on the parking lot of Northwest Plaza Shopping Center. He was about 50 yards away from the West entrance of the Famous-Barr store. The lot was well lit. Officer Ferrari observed a 1965 or 1966 "white over white Chevrolet" pull up to the curb in front of the West entrance of the Famous-Barr store and park in the no parking fire lane zone. Three people alighted from the car and walked toward the doors of the Famous-Barr store. The driver remained in the car. One of the three walked immediately into the store while the other two

remained just outside the doors looking into the interior. Two or three minutes later, the two individuals who originally remained outside the store entered it and walked in the same direction as the first individual. Forty to 50 seconds later, all three emerged from the store, walking quickly and carrying things in their arms. The individual who had initially entered the store carried a bag which he grasped with both arms. The bag, which appeared to be a trash bag, had clothing protruding out of the top. The other two were carrying something which was hanging down from their arms and swinging in front of them. After the three individuals entered the vehicle, it immediately left the curb.

Officer Ferrari pursued the car. He intended to stop the car before it left the Northwest Plaza parking lot, but he was unable to intercept it in time. He radioed the police dispatcher and requested an assist car to aid him in stopping the car. He followed the car as it proceeded north on Lindbergh but did not attempt to stop the car on Lindbergh because there was no safe place to pull over. He followed the Chevrolet as it proceeded onto I–70. When it got to the intersection of I–70 and Cypress Road, Ferrari placed his red bubble light on the dashboard and turned it on. The Chevrolet began accelerating and he turned on his siren and spotlight. A chase ensued during which the two cars reached speeds up to 100 m. p. h. During the chase, Officer Ferrari saw bundles being thrown from the car. One of the bundles was a dark-colored trash bag. During the chase, the Chevrolet hit another vehicle but continued on. The Chevrolet was finally stopped at a roadblock. After approaching the car to arrest defendant, the driver, Officer Ferrari saw a pile of clothing in the backseat of the car and seized it as evidence.

Defendant does not challenge the sufficiency of the evidence but as his sole point on appeal contends that the trial court erred in failing to sustain his motion to suppress evidence because "there was no probable cause to believe or reasonable suspicion to believe that a felony had been committed. And further that the municipal police officer was not in hot pursuit."

■ The transcript filed in this court does not contain the text of the motion to suppress. The transcript on appeal must contain "all of the record, recitals, proceedings, and evidence necessary to the determination of all questions" presented to the appellate court for decision or there is nothing for the appellate court to decide. *Ward v. State*, 451 S.W.2d 79, 81 (Mo.1970). *Accord State v. Battle*, 588 S.W.2d 65, 69 (Mo.App.1979). It is appellant's responsibility to see that a complete record is filed. *Jackson v. State*, 514 S.W.2d 532, 533 (Mo. 1974); *State v. Battle*, 588 S.W.2d at 70. Here, without the text of the motion to suppress, there is nothing to review.[1]

■ Furthermore, we believe that the evidence was properly admitted in evidence because Officer Ferrari had sufficient cause to make an investigatory stop.

As our supreme court stated in *State v. Lasley*, 583 S.W.2d 511 (Mo.banc 1979):

> Where police officers entertain a *reasonable suspicion* that criminal activity may be afoot, they may stop the suspected person, identify themselves as police officers, require the suspect to identify himself, and make reasonable inquiries con-

---

1. In the state's brief, it contends that there had been no objection made at trial to the introduction of the clothing seized from the car on the ground that it was the product of an illegal search. Therefore, the state contends the defendant's point is not preserved. On the date the transcript was filed in this court, defendant filed a stipulation separate from the transcript. It reads as follows:

Comes now the parties and agree that counsel for defendant, Charles McClain, reiterated his Motion To Suppress Evidence previously overruled at the time fo [sic] trial, and that the trial court again overruled said Motion to Suppress, but granted that all evidence admitted at trial would be taken subject thereto.

This stipulation was signed by defense attorney and assistant prosecuting attorney and approved by circuit judge. In view of our resolution of this point, we need not determine if this stipulation preserved the point.

cerning his activities. *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *State v. Rankin*, 477 S.W.2d 72, 75 (Mo.1972) (per curiam); *State v. Johnson*, 566 S.W.2d 510, 513 (Mo.App.1978). The United States Supreme Court has found that the 'reasonable suspicion' that entitles an officer to stop an individual is present when the officer is 'able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880. See also *United States v. Brignoni-Ponce*, 422 U.S. 873, 884, 95 S.Ct. 2574, 2581, 45 L.Ed.2d 607 (1975). (emphasis original).

*Id.* at 518.

Here, the activities of the four individuals at Northwest Plaza, together with the rational inferences therefrom, was sufficient for Officer Ferrari to "entertain a reasonable suspicion that criminal activity [was] afoot" and justified his pursuit and stop of the Chevrolet. Once Officer Ferrari approached the car and saw within it the stolen clothing, the clothing was subject to seizure as evidence in plain view. *See State v. Tippett*, 588 S.W.2d 742 (Mo.App.1979). Since the plain view search was proper, the state's exhibits 1–8 (the clothing) were appropriately admitted in evidence.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.