**STATE of Missouri, Respondent,**

v.

**Clayton MITCHELL, Appellant.**

**No. 41150.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

Terry B. Crouppen, Brown, Crouppen, Walther, Zwibelman & Walsh, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Thomas G. Auffenberg, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted, by the court in a jury-waived trial, of the offense of illegal possession of a Schedule I controlled substance (heroin), and was sentenced to four years imprisonment in the Department of Corrections. He appeals. We affirm.

Prior to trial, defendant filed two motions to suppress evidence, both based upon what he contends was evidence illegally obtained by the state. The court overruled both motions.

We therefore recite the evidence pertaining to defendant's arrest. Officer Gober of the St. Louis Metropolitan Police Department Intelligence Unit testified that on the day preceding defendant's arrest, he had received information from a confidential informant that defendant was transporting heroin concealed in ballpoint pens, and that defendant would leave his home with these pens early in the morning. Officer Gober and another officer thereafter placed the address given by the informant under surveillance, and the next morning they stopped defendant shortly after he had emerged from the stated address and driven away. Officer Gober also testified in regard to the informant's previous reliability, and to corroborating information either known to the officers already or observed by them before defendant was stopped.

Officer Gober further testified that after the officers stopped defendant, they advised him that he was being detained because they believed he was transporting heroin. When Officer Gober asked if defendant would object to an examination of the car's interior, defendant replied: "No. Go ahead." Inside the car, Officer Gober observed a blue ballpoint pen sticking out above the sun visor; it appeared that the inside mechanism of the pen was missing because the button atop the pen had fallen inside. Officer Gober seized the pen, opened it, and discovered four capsules containing a substance he recognized as heroin. Defendant was thereupon advised he was under arrest, and a search of his person produced two more pens, each holding four capsules containing heroin. Subsequently, defendant was given the *Miranda* warnings and thereafter made statements which were received in evidence at trial.

Defendant's first point on appeal asserts that the trial court erred in failing to grant his motion to suppress physical evidence (the heroin and certain ballpoint pens) because this evidence was seized by the arresting officers without a warrant, and without probable cause to arrest defendant, thereby violating defendant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

█ The transcript on appeal does not contain the text of defendant's motion to suppress the heroin and pens; without the text of the motion, we have nothing to review. *State v. McClain*, 602 S.W.2d 458, 459 (Mo.App.1980).

█ Our examination of the transcript reveals, however, that the evidence was properly admitted. We need not determine whether the record reveals probable cause as to why the vehicle was stopped; police officers have the right to temporarily stop persons for investigation, without making an arrest, under circumstances where the officers have a "reasonable suspicion" that

criminal activity is taking place. *State v. Lasley*, 583 S.W.2d 511, 518 (Mo.banc 1979). Reasonable suspicion may be established by an informant's tip. *Adams v. Williams*, 407 U.S. 143, 147, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972). Here, the evidence was clearly sufficient to show that the officers had reasonable suspicion justifying an investigatory stop of defendant. Defendant thereafter voluntarily consented to the officer's request to search his car. *See, State v. Williams*, 577 S.W.2d 59, 61 (Mo.App.1978). Finding the pen containing what appeared to be a controlled substance in the car gave the officers probable cause upon which to lawfully arrest defendant. *State v. Johnson*, 529 S.W.2d 658, 668 (Mo.App.1975). Because the arrest was lawful, the officers' search of defendant's person and the resulting seizure of evidence fell within an established exception to the fourth amendment's warrant requirements, as a search and seizure incident to a lawful arrest, and the evidence they seized was therefore admissible. *State v. Webb*, 560 S.W.2d 318, 321–22 (Mo.App.1974).

■ Defendant's second point, that his statements were taken by police without a warrant or probable cause for the arrest, fails because, as we have seen, defendant's arrest was lawful and therefore could have afforded no basis for suppression of defendant's subsequent statements.

■ Defendant's third point on appeal concerns the trial court's refusal to order the police officer to identify his confidential informant, and asserts that this action deprived defendant of information needed to establish his claim of illegal seizure. Defendant admits this point was not properly preserved. However, we have examined it and find no error. For support, defendant relies upon *State v. Wandix*, 590 S.W.2d 82 (Mo.banc 1979), *cert. denied*, 445 U.S. 972, 100 S.Ct. 1665, 64 L.Ed.2d 248 (1980). In *Wandix*, the informant's involvement went beyond the issue of what constitutes probable cause. Subsequent to *Wandix*, however, the Supreme Court decided a case in which the informant's involvement was more limited. *State v. Higgins*, 592 S.W.2d 151 (Mo.

banc 1979), *appeal dismissed*, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). We believe that the following language in *Higgins* disposes of defendant's claims here:

The informants neither witnessed nor participated in the actions preliminary to or the commission of the crime. The information provided was based principally on hearsay and the overhearing of statements of the defendant going solely to the question of probable cause for issuance of an arrest warrant. In *McCray v. Illinois*, 386 U.S. 300, 312–313, 87 S.Ct. 1056, [1063–1064] 18 L.Ed.2d 62 (1967), it was stressed that an informant's identity need not be disclosed when his testimony *solely went to procedural aspects* of the criminal proceedings, *such as the presence of probable cause.*

*Id.* at 162 (emphasis added.)

Here, the informant's information went strictly to the procedural issue of whether the officers had reasonable suspicion to stop defendant's vehicle. We therefore find no abuse of discretion by the trial court when it failed to order disclosure of the name of the informant.

Defendant's last point argues that the trial court erred in allowing the prosecution to question him concerning his direct involvement in the crime, because such cross-examination went beyond the scope of the direct examination. At trial, defendant on direct examination testified that his name was Clayton Mitchell, that he was the defendant, and that he did not give the police officers permission to search his car. Thereafter on cross-examination, defendant was asked whether he had heroin inside the car. The court overruled the defense objection to the question as beyond the scope of direct examination; defendant then answered in the affirmative.

■ Section 546.260, RSMo 1978, provides that a criminal defendant who elects to testify at his trial, "shall be liable to cross-examination, as to any matter referred to in his examination in chief . . . ." Although the statute has been interpreted so that the state is allowed broad latitude to cross-examine, in detail, as to all matters within the "fair purview" of the direct ex-

amination, *see, e. g., State v. Leonard,* 606 S.W.2d 403, 410–11 (Mo.App.1980), the statute still imposes some limit on cross-examination. Here, we believe the question went beyond the limits allowed. However, in order for improper cross-examination to constitute reversible error, it must be "manifestly prejudicial to substantial rights." *Id.* The state argues that because this evidence was cumulative, its admission was not manifestly prejudicial to defendant's substantial rights. We need not make this determination because this was a court-tried case. The rules of exclusion of evidence are therefore less strictly enforced than in jury-tried cases on the assumption that the court will not be misled by irrelevant or incompetent evidence. *State v. Roper,* 591 S.W.2d 58, 62 (Mo.App.1979). In fact, "even when an error is made in the admission of some evidence ... it will be presumed that the court in determining the case will consider only such evidence as is competent and relevant." *State v. Leigh,* 580 S.W.2d 536, 545 (Mo.App.1979). We therefore rule this point against defendant.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.