STATE of Missouri,
Plaintiff-Respondent,

v.

Floyd BROWN, Jr., Defendant-Appellant.

No. 12643.

Missouri Court of Appeals,
Southern District,
Division One.

June 20, 1983.

Walter H. Bley, Jr., Sapp, Woods, Orr & Bley, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant Brown guilty of rape, § 566.030 [1] and burglary in the first degree, § 569.160, and he was sentenced to consecutive terms of 15 years for the rape and 5 years for the burglary. Defendant appeals.

■ Defendant's first point is that the trial court erred in permitting state's witness Renee Bennett to testify, over defendant's objection, concerning the contents of a statement which the defendant gave to the witness three days following the rape. The essence of the statement was that the defendant had intercourse with the victim on August 10, 1981, the date of the alleged offense, but did so with her consent. Defendant claims that the statement was obtained in violation of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

It is unnecessary to consider the respective and conflicting contentions of the parties as to whether defendant was in fact deprived of his *Miranda* rights. Fatal to defendant's first point is the fact that defendant, testifying in his own behalf, told the jury the same version of the incident which the challenged statement contained.

Accordingly, if there was error in receiving witness Bennett's testimony, the error was harmless beyond a reasonable doubt. *State v. Crow,* 486 S.W.2d 248, 252[2] (Mo.1972); *State v. McGee,* 447 S.W.2d 270, 275[7] (Mo. banc 1969); *State v. Ryder,* 598 S.W.2d 526, 527[4] (Mo.App.1980); *State v. Darris,* 587 S.W.2d 89, 91[6] (Mo.App.1979). Defendant's first point has no merit.

Defendant's second point, according to defendant's brief, is "completely dependent" upon the validity of his first point. Defendant's second point falls with his first.

■ Defendant's third point is that the trial court erred in permitting the state to endorse on the information the name of an additional witness, Oather King, and in permitting him to testify for the state.

The burden is on defendant to provide this court with a record on appeal which contains all of the proceedings and evidence necessary to the determination of his appellate contentions. Rule 30.04(a) and (f). *State v. McClain,* 602 S.W.2d 458 (Mo.App. 1980).

Neither the record on appeal nor defendant's brief states the date on which the endorsement was made, although defendant's brief does say that leave was granted "at the pre-trial conference" to make the endorsement. The record does not disclose the date of the pre-trial conference. The record does not contain any objection by defendant to the endorsement.

At the time the witness testified the defense made no objection to his testimony. During lengthy cross-examination by defense counsel, the witness answered "Yes" to this question: "Now, Mr. King, I was in the bedroom with you the other day, wasn't I?" The bedroom was that of the witness who lived across the street from the house of the victim. King testified that he could see the victim's porch from his bed and that, contrary to defendant's testimony, no one was on the porch at the time defendant claimed to have been there with the victim.

---

[1]. All references to statutes are to RSMo 1978 and all references to rules are to Missouri Rules of Court, V.A.M.R.

The cross-examination was aided by counsel's familiarity with King's vantage point.

The record does not show the date when defense counsel became aware of the witness' inclusion in the state's list of witnesses.[2] The record shows that defense counsel, who effectively cross-examined, had interviewed him at least one day in advance of the trial. Defendant's third point has no merit.

Defendant's fourth point is, in essence, a re-statement of his third point and is also invalid.

■ Defendant's fifth point alleges the trial court improperly restricted defense counsel's cross-examination of the victim. During that cross-examination, the following occurred:

"Q  Kim, do you consider yourself a liberal or conservative?

MR. MOSELEY: I object, calling for a conclusion.

THE COURT: Sustained.

Q  (By Mr. Bley) Are your political ideologies liberal?

A  No.

Q  They are conservative?

A  No, I wouldn't say conservative.

Q  What would you call them?

MR. MOSELEY: I object, calling for a conclusion.

THE COURT: Overruled upon that basis. You may answer.

A  I have conservative viewpoints and also liberal upon some issues.

Q  (By Mr. Bley) Well, what about on the issue of race and well, basically race?

MR. MOSELEY: I object as being irrelevant.

THE COURT: Sustained.

Q  (By Mr. Bley) Do you consider yourself to be prejudiced?

A  No, I don't."

Defendant made no offer of proof. Only two rulings of the court, each sustaining an objection by the prosecutor, are under attack. The first ruling involved a general question. In any event the information

sought by the question was elicited when the witness testified that she had "conservative viewpoints and also liberal upon some issues". The second question, to which an objection was sustained, was also general in nature. It is clear, however, that the examination was calculated to elicit from the witness whether or not she was racially prejudiced and she answered, to the next question, that she was not.

The trial court has considerable discretion in its evidentiary rulings and defendant has not demonstrated an abuse of that discretion. *State v. Spikes,* 367 S.W.2d 515, 516[1, 2] (Mo.1963). Defendant's fifth point has no merit.

The sixth point contained in defendant's brief was abandoned on oral argument.

The judgment is affirmed.

GREENE, C.J., and TITUS and CROW, JJ., concur.

---

2.  The state's brief states, "the witness was endorsed over a month before the trial."