**STATE of Missouri, Plaintiff-Respondent,**

v.

**Kelvin ADELL, Defendant-Appellant.**

**No. 51263.**

Missouri Court of Appeals, Eastern District, Division Ten.

Aug. 19, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1986.

Application to Transfer Denied Oct. 14, 1986.

Ronnie L. White, Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Defendant Kelvin Adell was found guilty after a jury waived trial of illegal possession of a Schedule I controlled substance— marijuana over 35 grams, § 195.020, RSMo Cum.Supp.1984, and unlawful possession of a concealable firearm, § 571.070, RSMo Cum.Supp.1984. The trial court, having found defendant to be a persistent offender, § 558.016, RSMo Cum.Supp.1984, sentenced him to imprisonment in the Missouri Department of Corrections and Human Resources for a term of ten years on each count, both terms to run concurrently. Defendant appeals; we affirm.

On April 28, 1985, at approximately 3:19 a.m., Police Officer Patricia Lane responded to a call in the 6000 block of Saloma in the City of St. Louis. Lane testified that the call reported: "Shots being fired, several Negro male subjects chasing at another

Negro male." When Lane was at the intersection of Riverview and Woodland, about one block away from the 6000 block of Saloma, she observed two black males walking north on Riverview. Officer Lane got out of her patrol vehicle, approached the two men, and asked for identification. She informed the men of the report she had heard, and explained that the report was the reason for her inquiries.

At about this time, Officer Lane noticed that one of the two men, the defendant herein, had a purse clutched under his arm. She asked what was in the bag, and defendant told her to open the bag. Lane responded, "No, you open it." Defendant did so. Officer Lane observed many manila envelopes, which she suspected contained marijuana. While defendant was opening the bag, Lane again asked him what was inside, to which he responded, "a gun and marijuana." Upon closer inspection of the interior of the purse, Officer Lane discovered a .32 caliber revolver. At this point defendant was placed under arrest and was given his *Miranda* warnings.

Defendant's sole point alleges the trial court erred in failing to sustain his motion to suppress the marijuana and the gun because the initial stop and subsequent seizure of evidence from defendant did not fall under any exception to the warrant requirement of the Fourth Amendment.

■ Initially we note that the record on appeal does not contain the text of defendant's motion to suppress the marijuana and gun. It is the responsibility of an appellant to insure that a complete record is filed with the appellate court. *State v. McClain,* 602 S.W.2d 458, 459 (Mo.App. 1980). Absent the motion to suppress, there is nothing to review. *Id. See also State v. Mitchell,* 615 S.W.2d 446, 448 (Mo. App.1981). However, our review of the record persuades us that the evidence was properly admitted into evidence.

■ A brief investigatory stop of an individual is permissible under certain circumstances as an exception to the Fourth Amendment's requirement of a warrant, even though there is no probable cause for arrest at that moment. *Terry v. Ohio,* 392

U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In order for the stop to be justified, the police must have a reasonable suspicion that criminal activity may be afoot. *State v. Lasley,* 583 S.W.2d 511, 518 (Mo. banc 1979). Where such suspicion is present, the police may "stop the suspected person, identify themselves as police officers, require the suspect to identify himself, and make reasonable inquiries concerning his activities." *Id.*

■ In the present case, Officer Lane responded to a call over the police radio which described possible criminal activity involving the use of a firearm. The call mentioned that several black males were involved in the incident. Lane noticed two black males about a block from the location given over the police radio. In addition, she testified that when the men saw her marked patrol vehicle, they slowed their pace, kept looking back at the vehicle, and appeared nervous.

Given the hour of the night, almost 3:30 a.m., the proximity of the pair to the reported incident, and the way they acted after seeing the marked patrol car, Officer Lane was justified in her initial stop of defendant and his companion. This factual situation is very similar to that presented in *State v. Fernandez,* 691 S.W.2d 267 (Mo. banc 1985). In that case the police responded to a late-night police radio report of "a woman screaming and parties armed," and stopped to question the occupants of a car parked in the vicinity of the disturbance. The first officer on the scene ordered the occupants out of the car. After they got out and while their identifications were being checked, defendant returned to the interior to retrieve her purse. When defendant refused to put the purse back into the car, one of the officers, fearing it contained a gun, took it from her. The purse came open, revealing a quantity of a controlled substance. Defendant's conviction of unlawful possession was affirmed by our Supreme Court which held that the initial "stop" was justified by the radio broadcast and that the taking of the purse "was justified under the circumstances and did not exceed the bounds of reasonable actions." This, because, "The officers

were authorized to take steps necessary to protect themselves and preserve the status quo." *Id.* at 270.

Similarly, Officer Lane's conduct regarding the purse defendant was carrying was also appropriate. Lane had a reasonable suspicion that defendant possessed a weapon, given the information in the police radio call that shots had been fired, and given the fact that defendant had "a purse clutched up under his arm." Lane's inquiry as to the contents of the purse was a reasonable and necessary step taken by the only officer on the scene to protect herself and preserve the status quo. *State v. Fernandez,* supra. *See also State v. Phillips,* 629 S.W.2d 522 (Mo.App.1981). Having been asked about the contents of the purse, defendant voluntarily suggested that Officer Lane open the bag. Lane asked defendant to open the bag instead, which he did. Therefore, defendant voluntarily consented to the search of his purse. *Cf. State v. Mitchell,* 615 S.W.2d 446, 449 (Mo.App.1981).

The judgment of the trial court is affirmed.

SIMON and KELLY, JJ., concur.