**STATE of Missouri, Plaintiff-Appellant,**

**v.**

**Larry V. FETTERHOFF, Defendant-Respondent.**

**No. 53378.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 3, 1987.

Thomas I. Osborne, Pros. Atty., Mexico, for plaintiff-appellant.

James G. Gregory, Montgomery City, for defendant-respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Larry Fetterhoff was charged by information with driving while intoxicated, RSMo § 577.010 (1986), or in the alternative, excessive blood alcohol content, RSMo § 577.012 (1986). Defendant filed a motion to suppress evidence. At the suppression hearing evidence was introduced. The trial judge sustained the motion. The State appeals pursuant to RSMo § 547.200 (1986) and Rule 30.02.

Defendant was convicted of excessive blood alcohol content in May 1982. In August 1985 defendant was arrested and charged with driving while intoxicated. After this second offense, defendant underwent a thirty day inpatient treatment program at an alcohol treatment center. Upon completion of the program, defendant returned to court in December 1985 and pled guilty to driving while intoxicated. De-

fendant requested probation which the court granted upon certain conditions:

> Defendant shall:
>
> A. Not consume any beverage containing alcohol....
>
> B. Not enter any establishment whose primary business is the sale of intoxicating beverages by the drink.
>
> C. Not operate a motor vehicle after having consumed any alcoholic beverage. Defendant agrees to submit to a BA test on request of any law officer—whether or not that officer has probable cause to make such request.

Defendant accepted the conditions and signed the agreement.

In addition to the probation, defendant's driver's license was revoked for one year. Defendant obtained a limited driving privilege which allowed him to drive to and from work, and as necessary in connection with his work. Defendant's probation order also required defendant to report monthly to the court. When defendant reported in October 1986, a court clerk smelled alcohol on defendant's breath. This information was related to the prosecutor who then filed a motion to extend defendant's probation. The court granted the prosecutor's motion and extended defendant's probation through December 1987. The prosecutor also advised the Mexico Public Safety Department of the developments in defendant's case. In response to the prosecutor's report, the department issued a briefing memo advising the police officers that defendant was suspected of violating his probation and directed the officers to stop defendant and investigate if they suspected he was violating his probation or driving beyond the scope of his limited driving privilege.

On January 7, 1987, at 7:30 p.m., Mexico Police Officer Paul Dean observed defendant driving in his car. Officer Dean knew defendant's license had been revoked and that he was issued a limited driving privilege. Officer Dean suspected defendant was driving beyond the scope of his limited privilege and stopped defendant to investigate. Officer Dean asked defendant about his limited driving privilege. Defendant admitted that his privilege had expired. Defendant was driving with no license or limited privilege whatsoever. Officer Dean smelled alcohol on defendant's breath and noted that defendant's eyes and facial expressions indicated that he had been drinking. Officer Dean believed defendant was borderline intoxicated. After Officer Dean inquired as to defendant's probation status, defendant acknowledged that he was still on probation. Defendant further acknowledged that it was a condition of his probation that he submit to a B.A. test upon the request of any police officer. Officer Dean asked defendant to submit to a breathalyzer test and defendant agreed. Officer Dean arrested defendant for driving while intoxicated and operating a motor vehicle with no license and transported defendant to the police station.

At the station Officer Dean informed defendant of his *Miranda* rights. Defendant waived his rights and answered questions from the alcohol influence report form. Defendant admitted he had consumed three beers. Defendant took a breathalyzer test which indicated his blood alcohol level was .11%. Defendant was charged with driving while intoxicated and no operators license. Defendant pled not guilty and filed a motion to suppress the results of defendant's breathalyzer test and any statements made by defendant to the police officers after he was arrested. The trial court sustained defendant's motion. The trial court found that the police officer had insufficient probable cause to stop and question defendant. The court further found condition "C" of defendant's probation agreement, the consent to B.A. test, could not be constitutionally used to require defendant to submit to a B.A. test for the purpose of obtaining evidence for a new charge. The State filed this appeal.

First, we will consider the validity of the consent to blood-alcohol test (B.A. test) provision in defendant's probation agreement. The consent provision presents a unique question. May evidence obtained in a search pursuant to a probation agreement consent provision be used in the subsequent prosecution for a new

offense; or, is the use of such evidence limited to a probation revocation proceeding? We hold that evidence obtained from a B.A. test given pursuant to a probation consent provision may be used in the prosecution for a new offense as well as a probation revocation proceeding.

A lack of Missouri cases on point required us to turn to the law of other jurisdictions for guidance. In California, a number of cases fit within the following fact pattern. A defendant is granted probation for a narcotic drug offense (*i.e.* sale or possession). As a condition of probation, the probationer must consent to warrantless searches of his person, property and premises by law enforcement officers. In a search pursuant to the consent condition, an officer discovers contraband which is used in an action for a new offense. California courts have upheld such searches and consent to search provisions so long as they are reasonable and related to the original offense for which the probationer was placed on probation. *See People v. Mason,* 5 Cal.3d 759, 488 P.2d 630, 97 Cal.Rptr. 302 (1971) (en banc); *People v. Brown,* 191 Cal.App.3d 761, 236 Cal.Rptr. 506 (1987). *People v. Palmquist,* 123 Cal. App.3d 1, 176 Cal.Rptr. 173 (1981). In *People v. Brown,* a police officer stopped the defendant for a traffic violation. The officer learned that defendant was subject to warrantless searches pursuant to a condition of probation for a previous drug offense. The officer searched defendant's car and discovered a .38 Smith and Wesson. Defendant was charged with possession of a firearm by a convicted felon. The appellate court upheld the search and the admission of the firearm into evidence. Thus, the new offense need not be related to the original offense. Only the search provision itself must be related to the original offense. *People v. Brown,* 236 Cal.Rptr. at 507–08. *See also Luke v. State,* 178 Ga. App. 614, 344 S.E.2d 452, 454 (1986) (search pursuant to wife's probation agreement; evidence used in prosecution of husband for possession of cocaine); *State v. Morgan,* 206 Neb. 818, 295 N.W.2d 285, 289 (1980) (possession of marijuana). *State v. Perbix,* 331 N.W.2d 14, 21 (N.D.1983) (possession of controlled substances).

Other jurisdictions have upheld consent to search provisions in probation agreements for other crimes.[1] *See State v. Montgomery,* 566 P.2d 1329 (Ariz.1977) (burglary); *People v. Richards,* 76 Mich. App. 695, 256 N.W.2d 793, 795 (1977) (larceny); *State v. Lingle,* 209 Neb. 492, 308 N.W.2d 531, 537 (1981) (resisting arrest, disturbing the peace, obstructing a police officer). *State v. Cummings,* 262 N.W.2d 56, 61 (S.D.1978) (possession of slot machines). Similarly, we will adopt California's approach to consent to search provisions and apply it to the case before us.

Next we will consider the reasonableness of the B.A. test consent provision in defendant's probation agreement. Initially we note that probationers, like parolees, have a reduced expectation of privacy. *State v. Williams,* 486 S.W.2d 468, 472 (Mo.1972). Probationers do not possess the full panoply of constitutional rights. Therefore alleged violations of a probationer's constitutional rights should not be evaluated by the standards used to evaluate constitutional claims of ordinary citizens. *Id.* A probationer is free to reject terms of probation which limit his future rights and accept instead, the punishment for his crime.

We review the reasonableness of the B.A. test consent provision in light of the twofold purpose behind the probation system: rehabilitation of the probationer; and preventing probationer from committing the same crime in the future—thereby protecting public safety. The B.A. test consent provision in defendant's probation agreement is reasonably related to his prior criminal conduct, *i.e.* driving while intoxicated, and is aimed at deterring and discovering similar offenses. Unexpected, unprovoked B.A. tests of defendant will assist

1. Other jurisdictions allow such consent to search provisions, only if the search is conducted by a probation officer. *See, e.g., People v. Fortunato,* 50 A.D. 38, 376 N.Y.S.2d 723 (N.Y. App.Div.1975). While other jurisdictions prohibit all consent to search provisions. *See, e.g., Kirkpatrick v. State,* 412 So.2d 903 (Fla.App. 1982).

the court in determining whether defendant is complying with his terms of probation. Information obtained pursuant to a B.A. test will afford an accurate measure of the effectiveness of the supervision and defendant's amenability to rehabilitation. *People v. Mason,* 488 P.2d at 6332–33, 97 Cal.Rptr. at 304–05. We find that defendant's probation condition which requires him to submit to a B.A. test at the request of any law enforcement officer without probable cause is reasonably related to the prior offense, helps to promote defendant's rehabilitation, and helps to protect the public safety. The condition was within the trial court's discretion pursuant to RSMo § 559.021.1 (1986).

Although we have determined that defendant's B.A. test consent provision was valid and that the police officer needed no probable cause to administer the test, we will also discuss whether the police officer had probable cause to arrest defendant and administer the test.

In its order sustaining defendant' motion to suppress, the trial court concluded that Officer Dean had no probable cause to stop and question defendant and had no authority to request defendant to submit to a B.A. test except for the probation consent condition. The court found insufficient independent evidence of probable cause existed, thus the breath test results, the alcohol influence report and defendant's statements to the police officers were suppressed. We believe the trial court misapplied the law.

Probable cause is not required for an investigatory stop. A police officer need only have a reasonable suspicion that criminal activity is underway. *State v. Adell,* 716 S.W.2d 469, 471 (Mo.App., E.D. 1986). Officer Dean testified that he knew defendant had a limited driving permit and suspected that defendant was driving beyond the scope of the permit in violation of the law. Because he suspected defendant was engaged in unlawful activity he had the authority to stop defendant and investigate. *Id.* Officer Dean's suspicion leading to the stop of defendant did not need to rise to the level of probable cause. *Id.* During the course of his investigation, Officer Dean discovered evidence which provided sufficient probable cause to arrest defendant and request him to submit to a B.A. test. Officer Dean testified that: he believed defendant was borderline intoxicated; defendant's eyes and facial expressions indicated that he had been drinking; Officer Dean smelled alcohol on defendant's breath and about his person. These facts provided sufficient probable cause to arrest defendant for driving while intoxicated and to administer the B.A. test.

After stopping defendant to determine whether he was violating the law, Officer Dean subsequently discovered evidence that indicated defendant may be intoxicated. The officer discovered the evidence in the course of investigating a separate crime, *i.e.* driving beyond the scope of a limited driving privilege. This evidence was legally obtained and admissible as well as the results of the B.A. test and defendant's incriminating statements.

For the foregoing reasons, the trial court's order sustaining defendant's motion to suppress is vacated. The case is remanded for further proceedings consistent with this opinion.

STEPHAN and SIMON, JJ., concur.