**STATE of Missouri, Plaintiff–Respondent,**

v.

**Donald M. TATUM, Defendant–Appellant.**

**No. 16889.**

Missouri Court of Appeals, Southern District, Division One.

March 1, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 22, 1991.

---

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William J. Lasley, Flanigan, McCanse & Lasley, Carthage, for defendant-appellant.

PER CURIAM.

Appellant was charged with driving while intoxicated, having been convicted of two prior acts of driving while intoxicated. Following jury trial he was convicted and sentenced to one year imprisonment in the county jail.

Appellant appeals, briefing six points of alleged error. Appellant presents three points contending that improper and prejudicial evidence was allowed over his objection. The transcript of the trial court proceedings filed here contain the hearing on appellant's pretrial motion to suppress the evidence now challenged, but none of the evidence at trial.

■ The burden of presenting a proper record of the proceedings under Rule 30.04 is on the appealing party. *State v. Silinzy*, 621 S.W.2d 114, 116 (Mo.App.1981). A transcript on appeal must contain all of the proceedings necessary to a determination of the questions presented or there is nothing for an appellate court to decide. *State v. McClain*, 602 S.W.2d 458, 459 (Mo.App. 1980).

Respondent contends that there is an insufficient record to decide these questions as none of the trial evidence is in the transcript. Appellant counters by citing *State v. Hummel*, 652 S.W.2d 749, 750 (Mo.App. 1983), for the proposition that when an objection to the admission of evidence is

the same at pretrial and trial, the record reviewed is the pretrial hearing transcript. Even if so, there is no showing in the record that there was the same objection. See also *State v. Brueckner*, 617 S.W.2d 405, 409 (Mo.App.1981); *McClain*, 602 S.W.2d at 459.

Following oral argument, counsel for appellant wrote the clerk of this court asking if the judges "who sat on the panel ... wish me to supplement the record." The court declined to request such a supplement as, except perhaps in extraordinary circumstances, it is not for this court to decide what should be in the record, but this is the decision of the parties, primarily the appellant's.

■■■ The record does not establish the evidence questioned was introduced or if any objection was made to it. A trial court's ruling upon a motion at a pretrial hearing is interlocutory and the trial court can alter its pretrial ruling. *State v. Evans*, 639 S.W.2d 820, 822 (Mo.1982). An objection must be made at trial when evidence is offered in order to preserve it for appellate review, even when there is a ruling on a pretrial motion. *Id.* This court cannot find error which is prejudicial when the record does not show that the evidence was offered and what, if any, objection was made to it.

■■ Appellant also contends that the trial court erred in refusing to allow his counsel to argue in closing that because respondent did not call a police lieutenant his testimony would have been unfavorable to the respondent. As the record does not establish the circumstances of the lieutenant's connection with defendant's arrest, and the admission of a field sobriety test, which appellant urges in his brief, the record is not sufficient to decide the question. This point must likewise be denied.

For his fifth point, appellant contends the trial court erred in overruling his counsel's request that defendant's witnesses be allowed to be in the courtroom while the jury instructions were read and while the closing arguments were being made. Normally, witnesses are excluded so that it will not color their testimony to conform to that of other witnesses. 88 C.J.S. Trial § 65, p. 173.

■■ Of course, defendant (appellant) is guaranteed a public trial. *Nelson v. State*, 537 S.W.2d 689, 693 (Mo.App.1976). However, this was a public trial with only apparently a few, the record does not show how many, persons excluded. We are aware that the usual practice is to allow witnesses to be in the courtroom after all evidence is presented, whether or not they have been earlier excluded. There is authority that the trial court, because of the possibility of a second trial, can exclude witnesses from closing arguments, see *United States v. Juarez*, 573 F.2d 267 (5th Cir.1978), cert. denied, 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 262 (1978), but whether that is proper we need not decide, as nothing has been shown that establishes any prejudice to defendant from their absence.

■■ Appellant's remaining point is a challenge to an instruction. Rule 30.06(e) requires that "[i]f a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." That was not done here. "Instruction error is not preserved for review when the instruction alleged to be erroneous is not set out in full in the argument portion of the brief." *State v. Willis*, 602 S.W.2d 9, 10 (Mo.App.1980). On the record presented, there is no plain error under Rule 30.20 regarding the instruction or any other point briefed.

The judgment is affirmed.

All concur.