**STATE of Missouri, Plaintiff/Respondent,**

v.

**Donald C. REYNOLDS, Defendant/Appellant.**

No. 58825.

Missouri Court of Appeals, Eastern District, Division One.

July 9, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1991.

Rosalynn Koch, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

GRIMM, Judge.

Defendant appeals from the trial court's denial of his motion to dismiss charges for

lack of jurisdiction. His motion alleged failure to comply with the Agreement on Detainers, § 217.490, RSMo.[1] He contends the federal authorities who had custody of him failed to promptly notify him of Missouri's detainer. In addition, he claims violation of his constitutional right to a speedy trial. We affirm.

### I. Background

Defendant was apparently charged with six counts of first degree robbery and six counts of armed criminal action.[2] The State alleged these offenses occurred in May, August, November, and December of 1979. In July, 1980, St. Louis County issued fugitive warrants for defendant.

The record is not clear as to when the federal government took defendant into custody. The record does disclose he began a thirty-year sentence for kidnapping on January 26, 1981. A detainer was filed with the U.S. Marshall in Springfield, Illinois.

The Springfield U.S. Marshall's office acknowledged receipt of the detainer. The record is unclear whether the detainer was received on February 18, 1981, or whether that was the date of the acknowledgement.

In a letter dated April 13, 1982, defendant said he arrived at a California penitentiary on January 23, 1982. He said he had been informed by "staff members" that the State of Missouri had "lodged detainers/warrants against me." Although the letter attempted to invoke the Agreement on Detainers, it was insufficient, and no action was taken.

Five years passed before defendant wrote again. On May 25, 1987, defendant wrote to the St. Louis County Prosecuting Attorney. His letter requested action on the detainers, as well as a speedy trial. As with his previous letter, it did not comply with statutory requirements concerning detainers and no action was taken.

On November 29, 1989, defendant properly filed a request for disposition of the

pending Missouri charges. His jury trial began May 30, 1990. Defendant was convicted of three counts of robbery and acquitted on the remaining three counts.

### II. Agreement on Detainers

■ Defendant's first point relied on alleges trial court error in overruling his "motion to dismiss for failure to comply with the Agreement on Detainers." He contends his "rights under the Agreement were violated in that the federal authorities failed to promptly notify him of the detainer placed upon him by the State of Missouri."

Paragraph 3, art. III, of the Agreement on Detainers places a duty on the "warden, director of the division of adult institutions or other official having custody of the prisoner [to] promptly inform [the prisoner] of the source and contents of any detainer lodged against him." The Agreement does not define the term "promptly."

■ In *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 359 (Mo.banc 1982), our supreme court held the Agreement and §§ 217.450–485, the intrastate disposition of detainers law, must be considered together. *See also State v. Walton,* 734 S.W.2d 502, 503 (Mo.banc 1987). The Agreement "is to be considered in harmony" with the intrastate disposition of detainers law. *State v. Smith,* 686 S.W.2d 543, 547 (Mo.App.S.D.1985).

Missouri's intrastate disposition of detainers law allows Missouri's Director of the Department of Corrections and Human Resources one year to inform an inmate of any untried indictment, information, or complaint. § 217.450.3. With the director given one year to inform an inmate located in a Missouri facility of pending proceedings, logic compels us to find that, at a minimum, one year would be allowed to notify a prisoner located in an out-of-state or federal facility.

---

1. All statutory references are to RSMo 1986.

2. The legal file furnished to us does not contain a complete indictment. A portion of Counts II and VI are missing. We do not have Counts III, IV, and V. The submitted instructions, which are not challenged, furnish us sufficient information to identify the charges.

The trial court severed the armed criminal action counts from the robbery counts. Only the robbery counts were submitted to the jury.

Defendant's April 13, 1982 letter says he arrived at a California federal penitentiary on January 23, 1982. He was informed there of the Missouri detainers and warrants. Although it is not clear, his letter can be read to indicate he received notice on January 23, 1982. Under such a reading, defendant received notice of the detainers a little less than one year after they were filed.

The most restrictive reading of his letter would indicate he did not receive notice until April 13, 1982, or about fifteen months after the detainers were filed in Springfield, Illinois. In view of Missouri's one-year period for in-state notification, we cannot say an interstate notice given within fifteen months was not "promptly" given within the meaning of the Agreement. Point denied.

### III. Sixth Amendment

In his second point, defendant alleges the trial court "erred in overruling [his] motion to dismiss" because he was denied his constitutional right to a speedy trial. He contends: (1) the detainer was not filed "until January of 1981 and the federal authorities did not inform him ... until after January of 1982," and (2) the State "failed to bring him to trial before 1989."

■ We initially note the record furnished to us does not contain any motion alleging a violation of the sixth amendment right to a speedy trial. Without the "text of the motion, we have nothing to review." *State v. Mitchell*, 615 S.W.2d 446, 448 (Mo. App.E.D.1981). Defendant, as the appealing party, has the duty to see that the record on appeal contains the pleadings on which he bases his claim. *State v. Jalo*, 796 S.W.2d 91, 96 (Mo.App.S.D.1990).

■ Although this point is not properly before us, we review for plain error. Defendant's contentions are gleaned from a letter he wrote to the prosecuting attorney, comments made during the trial court's hearing on pre-trial motions, and his brief. We have considered his contentions, applying the analysis set forth in *Barker v. Wingo*, 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101, 116–117 (1972),

which has been adopted in Missouri. *State v. White*, 689 S.W.2d 699, 702 (Mo.App. E.D.1985).

*Barker* mentions four specific factors to be weighed. The first is length of delay. Here, the delay from issuance of warrant to trial was about ten years. Unless the length of delay is "presumptively prejudicial," there is no need to inquire into the other three factors. Here, the length of delay is sufficient to warrant further inquiry.

The second factor to be weighed is the reason for delay. Defendant does not contend the State did anything to deliberately delay the trial in order to hamper the defense. The reasons for the delay appear to be (1) the defendant's incarceration in a federal penitentiary in California, (2) the more than 20,000 outstanding fugitive warrants in St. Louis County, and (3) the State's negligence. We weigh this factor against the State.

The third factor is whether, when, and how a defendant asserts his right. Here, the record before us discloses defendant did not assert his right until he wrote to the prosecuting attorney on May 25, 1987, about seven years after the fugitive warrant was issued. This letter primarily referred to a request for disposition of the detainers, and only identified the sixth amendment as an additional reason. Nothing in the legal record before us reflects defendant filed a motion in court. We weigh this factor against the defendant, but not heavily.

The fourth factor is prejudice to the defendant. Defendant claims prejudice because three of his witnesses "have all passed away." Defendant, however, did not state or otherwise offer what any of the three deceased witnesses would have said. Without such information, it would be pure speculation as to whether defendant was prejudiced by their absence.

In addition, he alleges one of his witnesses "claims to have loss of memory relating to certain incidents surrounding this case." Defendant never called this person as a witness, nor did he state what testimony she was unable to give.

Finally, we note the legal file reflects defendant had a tentative federal release date of November 18, 2000. The legal file also indicates he was not eligible for federal parole until September 27, 1990, six months after his trial. We weigh this factor against defendant; nothing indicates defendant was prejudiced by the delay.

In balancing the four factors, we are not persuaded that defendant's sixth amendment rights were infringed. Point denied.

The trial court is affirmed.

PUDLOWSKI, P.J., concurs.

KAROHL, J., concurs in result.