STATE of Missouri, Respondent,

v.

Thomas Joseph RUSS, Defendant.

No. 42067.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 23, 1982.

 

Edward L. Adelman, St. Louis, for defendant.

John Ashcroft, Atty. Gen., Jay A. Daugherty, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted, in a jury trial, of murder in the second degree, § 559.020, RSMo (1969); robbery in the first degree, § 560.120, RSMo (1969); and armed criminal action, § 559.225, RSMo (1969). Appellant challenges these convictions on appeal alleging that: (1) the murder weapon was obtained as a result of an unlawful search and seizure, and (2) the convictions of robbery in the first degree and armed criminal action constitute double jeopardy. We affirm in part and reverse in part.

On January 25, 1978 at approximately 1:30 p.m., David Fann, a gas station attendant at a Phillips 66 station in the City of St. Louis, was in the office section of the service station when he saw appellant walk into the station. After wandering about in the office area for about ten to fifteen minutes, appellant purchased a pack of cigarettes from Fann and sat down. Appellant then fired a shot into the ceiling to get the attention of Fann. When Fann turned around, appellant pointed the pistol at him and ordered him to open the cash register. When Fann complied, appellant took $112 out of the cash register. During the robbery Isaac Boykins, the owner of the filling station, was working in the garage area of the station. When he began walking towards the office, appellant shot him. Boykins staggered to the door and then collapsed outside the station. Appellant fled the station via the garage. Curtis Wright was walking by the station when he heard the shots and saw appellant fleeing the building with a gun in his hand. Fann called the police who arrived a short time later. An ambulance took Boykins to the hospital where he was pronounced dead on arrival.

When questioned by the police, Fann described appellant as a negro male about 25

years old, standing between 5'4" and 5'10", weighing between 130 and 140 lbs., and wearing dark clothes. Although Wright did not get a clear view of appellant's face, he was able to tell police that appellant was a young man, approximately 21 or 22,[1] who had a small physical stature, weighing about 140 lbs. and standing about 5' tall. Wright also observed that appellant was wearing brown pants and a brown jacket.

The police later received information from an unnamed informant who told them the name of appellant, his residence, and that he was armed. Based on this information, Officers Rask and Slayton of the St. Louis Police Force began a surveillance of appellant's home on the morning of January 26, 1978. Later that day at approximately 1:30 p.m., they observed the appellant, who fit the description given by the witnesses, leave his home. The two officers approached appellant and identified themselves. Appellant suddenly reached inside his coat into a vest, at which point the officers grabbed him and a struggle ensued. The officers subdued the appellant and then patted him down for weapons. The officers seized a .38 caliber revolver from inside his vest and arrested him for carrying a concealed weapon. Through forensic testing, the gun was later found to be the weapon that killed Boykins. Appellant was taken into custody; Fann positively identified appellant in a police line-up to be Boykins' assailant.

Appellant first contends that the trial court erred by admitting the murder weapon into evidence because it was a product of an unreasonable search and seizure. Conflicting allegations are made in appellant's and respondent's briefs as to whether a warrant had been issued for appellant's arrest at the time Officers Rask and Slayton arrested the appellant. Since there is no evidence in the record as to the existence of an arrest warrant, this court views the arrest as an arrest without a warrant.

■ Appellant argues that probable cause did not exist to legitimate the officer's warrantless arrest since the reliability of the informant was not substantiated. When making a warrantless arrest, an officer must have probable cause based on facts, circumstances, and trustworthy information within his knowledge which establishes reasonable causation that an offense is being or has been committed by the person to be arrested. "This must be determined from the particular facts of each case." *State v. Purnell,* 621 S.W.2d 277, 285 (Mo.1981). An informant's previous reliability is not necessarily a prerequisite for determining probable cause based on the information that he has supplied; the important inquiry "is whether the information is reliable and if it can be corroborated through other sources" so that probable cause is not established through specious information. *State v. Chapman,* 627 S.W.2d 597, 598 (Mo.1982); *State v. Moore,* 580 S.W.2d 747, 749 (Mo. banc 1979). "An officer may act on information received so long as it describes the criminal activity in sufficient detail to distinguish the accusation from rumor and allows independent corroboration." 627 S.W.2d at 598.

■ In this case, an informant told the officers the name and address of the appellant. He also warned the officers that the appellant was armed. Based on this information, the officers began a surveillance of appellant's residence. When appellant stepped outside, the officers observed his visage and physique. Appellant was wearing a black hat, a brown coat, black pants, and a black vest. The police officers' observation of appellant corroborated the general description given by the two eyewitnesses and the information of the informant. When the officers identified themselves to appellant, he suddenly reached into his vest. From the information supplied by the informant and actions of the appellant, the officers reasonably suspected that appellant was armed and was of a present danger to their safety to justify a search of appellant's person. *State v. Singleton,* 560 S.W.2d 379, 383–384 (Mo.App.1977). The evidence clearly supports the determination

---

1. Appellant was 15 years old.

that there was probable cause for the warrantless arrest of appellant and a search of his person incident thereto. Appellant's first point is denied.

■ Appellant's convictions for armed criminal action, § 559.225, RSMo (1969), and the underlying felony of robbery in the first degree, § 560.120, RSMo (1969), constitute double jeopardy under the United States Constitution, and therefore mandates reversal of the armed criminal action conviction. *Sours v. State,* 593 S.W.2d 208 (Mo. banc 1980), vacated and remanded, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980), on remand 603 S.W.2d 592 (Mo. banc 1980), *cert. denied,* 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981).

Appellant's convictions of murder in the second degree and robbery in the first degree are affirmed. Appellant's conviction of armed criminal action is reversed.

REINHARD and CRIST, JJ., concur.