**860**

STATE of Missouri, Respondent,

v.

Ira NEAL, Appellant.

No. 47934.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1984.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant was convicted by a jury of possession of a Schedule IV controlled substance, and was sentenced by the court to serve three years in the Department of Corrections. He appeals, claiming that the pills seized from him by the police should not have been admitted into evidence because they were the product of an illegal search. We affirm.

Two police officers stopped defendant's car for violating a traffic light. Two other people were in the car, and defendant was driving. As the police officers approached defendant's car during this traffic stop, they observed defendant take a foil packet from the dashboard and place it in his pocket. One of the officers asked defendant what he had put in his pocket. Defendant responded, "It's T's and Blues," and produced the package. The officer seized the package. Defendant claims that the officer's question amounted to custodial interrogation and that the officers were therefore constitutionally required to give him *Miranda* warnings. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Since they did not give him *Miranda* warnings until after the question was asked, defendant argues that the seizure of the pills was the fruit of the improper questioning and cannot be used against him. We disagree.

The defendant voluntarily produced the pills after the question was asked. Once the officers saw the pills, they had probable cause to seize them. The question of which defendant complains was not a "custodial interrogation" requiring *Miranda* warnings. *See Berkemer v. McCarty,* —— U.S. ——, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

Affirmed.

DOWD, CRIST and CRANDALL, JJ., concur.