704 S.W.2d 300 (1986)
STATE of Missouri, Plaintiff-Appellant,
v.
Vicki Mari JACOBS, Defendant-Respondent.
No. 50942.
Missouri Court of Appeals, Eastern District, Division One.
February 4, 1986.
*301 A. John DeVouton, Asst. Pros. Atty., St. Charles, for plaintiff-appellant.
Timothy A. Braun, St. Charles, for defendant-respondent.
CARL R. GAERTNER, Presiding Judge.
Pursuant to § 547.200, RSMo.Cum.Supp. 1984, the state appeals from the order of the trial court sustaining defendant's motion to suppress a switchblade knife which is the basis of her prosecution for carrying a concealed weapon in violation of § 571.030.1(1), RSMo.Cum.Supp.1984. We affirm.
"[U]pon review of a trial court's order, the facts, and reasonable inferences arising therefrom, are to be stated favorably to the order challenged on appeal.... [T]he reviewing court is free to disregard contrary evidence and inferences, and is to affirm the trial court's ruling on a motion to suppress if the evidence is sufficient to sustain its finding." State v. Blair, 691 S.W.2d 259, 260 (Mo. banc 1985). Accordingly, the record in this case shows the following. Officer Files of the St. Peters Police Department testified that on October 15, 1984, he saw a vehicle cross the center line of Old Missouri Highway 94. Without activating his siren or emergency lights he followed this vehicle until it stopped at a Texaco station. The defendant, a passenger in the back seat of the car, denied that it crossed the center line of the highway. Files testified that he smelled alcohol on the driver's breath and observed several cans of beer, both open and unopen, at the feet of the woman seated in the front passenger seat. Defendant was in the left rear seat of the vehicle drinking a can of Pepsi-Cola. Files requested identification from the four occupants of the car and determined that all were under 21 years of age. The beer was seized and all four minors were informed they were under arrest for possession of alcohol.[1] The officer at the scene conducted a search of defendant's purse, as well as that of the other female. All four were transported to the police station where the defendant was told that a female dispatcher was going to search her and that she should surrender anything she did not want the dispatcher to find. Defendant testified that 15 to 25 minutes elapsed without the dispatcher arriving and she became fearful that "one of the male cops was going to strip search us." She therefore surrendered a switchblade knife to the police. After being charged with carrying a concealed weapon, she filed a motion to suppress the evidence seized as a result of an illegal search. The trial court sustained this motion.
It is well established that all warrantless searches, subject to a few well defined exceptions, are per se unconstitutional. State v. Blair, 691 S.W.2d at 260; State v. Peterson, 525 S.W.2d 599, 603 (Mo.App. 1975). The state, therefore, bears the burden of showing the search and seizure came within an exception to the warrantless search rule. Here, the state argues that the search was incident to a legal arrest in that the officer had probable cause to believe the defendant was a minor in possession of alcohol, and that any search of the defendant at the police station was with her consent.
The search incident to a lawful arrest exception to the warrant requirement presumes a valid custodial arrest. Absence of probable cause to take a suspect into custody triggers the "full protection" of the fourth amendment. State v. Blair, 691 S.W.2d at 261, citing Hayes v. Florida, ___ U.S. ___, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985). "Probable cause to arrest without a warrant simply means a knowledge of facts and circumstances sufficient for a prudent person to believe a suspect is committing or has committed an offense." State v. Fain, 679 S.W.2d 419, 423 (Mo.App.1984). Clearly, no such facts *302 or circumstances existed here. Defendant did not own or drive the car. She was sitting in the left rear seat of the car drinking a Pepsi-Cola. The officer did not detect any odor of alcohol on her breath. The beer was located on the floor of the front passenger seat. These facts and circumstances fall far short of demonstrating probable cause to believe defendant was in possession of alcohol. Mere presence in an automobile operated by one who may be committing an illegal offense is not sufficient to establish probable cause for an arrest. See United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); 1 W. Lafave, Search and Seizure, a Treatise on the Fourth Amendment, § 3.6(c) (1978).
The evidence also falls short of supporting the state's contention that the knife was surrendered to the officer voluntarily. Mere acquiescence to a claim of lawful authority to conduct a search does not suffice to sustain the state's burden of showing a voluntary consent to a warrantless search. State v. Witherspoon, 460 S.W.2d 281, 287-88 (Mo.1970). Submission to the will of the police because of an apparent firm determination to carry out a search is not a voluntary consent to a warrantless search. State v. Young, 425 S.W.2d 177, 181 (Mo.1968). The burden is on the state to prove by a preponderance of the evidence the consent was voluntary and not the product of duress, coercion or fraud. State v. Johns, 679 S.W.2d 253, 261 (Mo. banc 1984). Here, defendant surrendered the knife only under what she perceived to be the threat of a strip search by a male officer. This amply supported the finding implicit in the trial court's order that the seizure of the knife resulted from an illegal arrest.
The order of the trial court suppressing the switchblade knife seized from the defendant is affirmed.
SMITH and SNYDER, JJ., concur.
NOTES
[1] All four charges were subsequently nolle prossed or dismissed.