CLEMENS, Senior Judge.
The issue here: Whether the trial court erred by sustaining plaintiff’s motion to reopen the case to offer additional evidence after the court sustained defendant’s oral motion for directed verdict at the close of plaintiff’s case.
We hold the trial court did not abuse its discretion by allowing plaintiff to reopen the case and offer corrective evidence.
Plaintiff corporation had sued defendant for breach of a common law bailment. Plaintiff’s evidence at trial was based solely on testimony of one James Furmann who was not an officer of plaintiff corporation. On February 26, 1985, at the close of plaintiff’s case, defendant made an oral motion for directed verdict alleging plaintiff had failed to establish the corporate status of plaintiff and the existence of a bailment contract. The trial judge indicated that he would grant the motion upon the ground of failure to prove corporate status and asked counsel to submit a written motion at which time he would sustain the motion on the record. He then dismissed the jury. On February 28th, the trial court, on its own motion, set argument on defendant’s motion for directed verdict for March 8, 1985. Plaintiff filed a motion to reopen the case to present additional evidence of corporate status on March 7, 1985.
Arguments on each motion were presented to the trial court on March 8, 1985 and after the hearing, the court sustained both defendant’s motion for directed verdict and plaintiff’s motion to reopen and ruled:
“After due consideration I feel that there would be no surprise to defendant if I allowed plaintiff to reopen its case for the presentation of additional evidence as to corporate status of the plaintiff, because they are the party plaintiff, and in addition to explain the legal relationship between the plaintiff Crossroads and [James Furmann] — ”
Defendant contends the trial court’s ruling was erroneous because plaintiff’s motion to reopen its case was made after the jury was discharged and the trial was over. “The trial court retains control over its judgments for 30 days following entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, ... its judgment within that time.” Rule 75.01. Generally, the decision to allow a party to reopen is within the sound discretion of the trial court. Long v. Thompson, 353 Mo. 531, 183 S.W.2d 96, 98 (1944). Where there is no inconvenience to the court nor unfair advantage of one of the parties, the refusal to permit the introduction of material evidence, that is, evidence that would substantially offset the merits of the action and perhaps alter the court’s decision, would constitute an abuse of discretion. Pride v. Lamberg, 366 S.W.2d 441, 445 (Mo.1963), citing Smith v. Ray M. Dilschneider, Inc., 283 S.W.2d 631 (Mo.1955).
Here the trial court, after a hearing, found that the plaintiff sought to introduce material evidence to establish plaintiff’s corporate status, a necessary element. Because this was the ground upon which the motion for directed verdict was sustained, the trial court found the evidence could alter its decision. The trial court was aware of the inconvenience in ordering the case to be reopened and in the interest of justice apparently found this inconvenience to be minimal. We find the evidence to be material and no prejudice or unfair advantage to either party in reopening the case. Although it is unusual to consider a motion to reopen after the discharge of the jury, we find no prohibition to the trial court’s action. Further, the trial court’s ruling was a matter of law, not fact. According *304 ly, we find no abuse of discretion. The decision of the trial court is affirmed.
STEPHAN, C.J., and SIMON, P.J., concur.