**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Larry J. JOHNSON,
Defendant-Appellant.**

**No. 50475.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1986.

Motion for Rehearing and/or Transfer Denied May 6, 1986.

Application to Transfer Denied June 17, 1986.

Henry B. Robertson, Deborah Lambdin Stockhausen, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Munson Morris, Kevin Bradley Behrndt, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant was convicted by jury for stealing without consent, § 570.030 RSMo 1984, and was sentenced to four years imprisonment by the circuit court of St. Louis. He contends on appeal that the trial court erred in admitting into evidence the testimony of Officer Young regarding a stolen handbag and its contents because Officer Young, although present throughout, did not personally prepare the bag as evidence and could not establish a sufficient chain of custody for its contents. We affirm.

Parties agree that the victim had her purse taken by defendant on January 5, 1985. Defendant jogged up to the victim, knocked her against her car, and took her purse. She had just purchased gas and counted her money, so she knew her purse contained $19.43. She was able to list the denominations as one ten dollar bill, one five, three singles and $1.43 in change. An eyewitness who knew defendant personally was able to follow defendant as he fled to his cousin's house where he changed clothes and departed. The eyewitness flagged down Officer Kevin Young, who pursued and apprehended defendant a short time later. Officer Young was assisted in the arrest by Officers Hill and Goldman. Officer Young witnessed Officer Goldman remove and count the $19.43 from defendant's pocket, comprised of the same denominations which victim testified was stolen from her. Young also witnessed Goldman count and package the same $19.43 into an evidence envelope, the contents of which were received as evi-

dence over defendant's objection during trial. The record indicates that the state made unsuccessful efforts to gain Officer Goldman's personal testimony, but Officer Young was able to testify as a substitute witness concerning the collection and custody of this evidence.

Defendant claims that the state failed to establish a proper chain of custody for the stolen money because Officer Young did not personally remove the cash from the defendant nor prepare the evidence bag.

Whether a proper chain of custody has been established to allow the admission of physical evidence is determined by the trial court. *State v. Shelli*, 675 S.W.2d 79, 81 (Mo.App.1984). To establish chain of custody for evidence it is not necessary to account for every hand-to-hand transfer of it between the time it is obtained and its introduction at trial. *State v. Sherrill*, 657 S.W.2d 731, 736 (Mo.App.1983). It is sufficient to establish chain of custody if the evidence shows a reasonable assurance that it has not been altered or substituted between time of seizure and time of trial. *State v. Branscomb*, 638 S.W.2d 306, 308 (Mo.App.1982). We find this standard met and chain of custody properly established in this case.

Officer Young actively participated in defendant's arrest and, although he did not personally remove the money from defendant's pocket or personally count the money into the evidence bag, his eyewitness testimony provides the required reasonable assurance that the money was not substituted. Young saw Goldman count the money in the amount and denominations which victim testified was in her purse. He observed Goldman count the money again and place it in the evidence bag. He identified the evidence bag and its contents at trial as those found on defendant when arrested. Young's position as arresting officer and eyewitness is persuasive when combined with his testimony. In addition, the fungible nature of the cash evidence is not of a character that substitution or alteration would or could make a substantive difference. The trial court did not abuse its

discretion in finding sufficient chain of custody necessary to admit the money evidence.

SIMON and GARY M. GAERTNER, JJ., concur.