STATE of Missouri,
Plaintiff-Respondent,

v.

Paul Becker ARNOT,
Defendant-Appellant.

No. 14488.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 12, 1987.

Motion for Rehearing and Transfer,
Denied and Overruled
Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

W. Swain Perkins, Thayer, for defendant-appellant.

Jo Beth Prewitt, Alton, for plaintiff-respondent.

MAUS, Judge.

Defendant was charged with the misdemeanor of possession of marijuana in violation of § 195.020, RSMo Cum.Supp.1984. In a jury waived trial, the court found him guilty. He was sentenced to pay a fine of $150 and to serve 60 days in the county jail. The jail sentence was suspended and the defendant was placed on probation for a period of two years. The defendant states four points on appeal. The following is a brief outline of the facts.

As a part of his regular duties, Deputy Sheriff Alan Wilson patrolled the Eleven Point River in Oregon County. While doing so on June 1, 1985, he and Deputy Sheriff Bohl saw defendant and three other young men standing on a gravel bar. They watched them passing and sharing a hand-rolled cigarette in a fashion Wilson characterized as typical for marijuana use. The deputies observed this with the naked eye and through binoculars. From Wilson's experience, the hand-rolled cigarette had the appearance of a marijuana cigarette. They watched defendant finish the "joint." The deputies then went to the gravel bar in their boat. They placed the foursome under arrest. The foursome were advised of their rights. Pursuant to his customary procedure for drug arrests, Deputy Wilson asked the young men to hand over any drugs they had. Defendant produced a

packet of marijuana from a nearby garbage bag and said, "This is mine."

The defendant's first point is that the trial court erred in admitting into evidence the bag of marijuana because its warrantless seizure was not pursuant to a lawful arrest, there being no probable cause to believe defendant was in possession of marijuana. He also contends that the production of the bag was under compulsion and duress, since defendant had been arrested and placed in custody. Under this point the defendant argues that the observation of four young men on a gravel bar sharing a cigarette does not establish probable cause sufficient for an arrest.

The test for probable cause has been stated.

> Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a belief by a person of reasonable caution that the person to be arrested has committed the crime for which he is being arrested.

*State v. Griffin*, 640 S.W.2d 128, 131 (Mo. 1982). Also, "[p]robable cause requires a reasonable ground for belief of guilt." *State v. Allen*, 684 S.W.2d 417, 421 (Mo. App.1984). However, probable cause does not require absolute certainty. *State v. Griffin*, supra. It necessarily depends upon the facts of each case. *State v. Allen*, supra; *State v. Russ*, 642 S.W.2d 706 (Mo.App.1982). Wilson, as a person of reasonable caution, was entitled to consider his experience. "In evaluating the facts within his knowledge, a peace officer may rely on his professional expertise, by calling upon his experience, skill, and training, without being denied the everyday knowledge of a layman." 6A C.J.S. Arrest § 27 (1975) (footnotes omitted). For example, peculiar activities of a defendant afforded reasonable grounds for trained police officers to believe the defendant was aiding in the establishment of a game of policy. *City of St. Louis v. Gavin*, 222 S.W.2d 531 (Mo.App.1949). In *State v. Hawkins*, 482 S.W.2d 477 (Mo.1972), the court found an

officer's conclusion a hand-rolled cigarette contained marijuana was "amply supported by the evidence of his prior experience with such cigarettes and in such cases." *Id.* at 479.

From April to September, Deputy Wilson's primary duty was to patrol the Eleven Point River. He testified without objection that he watched the four young men pass around a hand-rolled cigarette and smoke it in a style customary and typical for smoking marijuana. He further stated the hand-rolled cigarette had the appearance typical of a marijuana cigarette. Wilson's testimony established he had much experience with persons using marijuana on the river. Considering that background, Wilson's observations clearly gave him reasonable cause to believe they were smoking and possessed marijuana. Indeed, it would require Wilson to be incredibly naive to believe the four young men on a gravel bar, with a supply of tobacco in a garbage bag at their feet, were, for purposes of economy, sharing and smoking to the end a cigarette made of Bull Durham. Defendant's assertion that such evidence is insufficient to establish probable cause is without merit. Cf. *State v. Sain*, 412 S.W.2d 131 (Mo.1967).

The second prong of the defendant's first point is that the warrantless seizure of the packet of marijuana the defendant produced was not voluntary because he was unlawfully arrested and "thus acted under compulsion and duress." He cites cases such as *State v. Moore*, 659 S.W.2d 252 (Mo.App.1983) and *State v. Jacobs*, 704 S.W.2d 300 (Mo.App.1986). It has been determined the arrest was upon probable cause and lawful. It is sufficient to observe that the contention the surrender of the packet was "under compulsion and duress" was not mentioned in the motion to suppress evidence and "for that reason it is not preserved for appellate review." *State v. Stark*, 502 S.W.2d 261, 264 (Mo.1973).

Moreover, defendant's authority and argument to support this contention are not applicable. In both cases he cites the warrantless arrest was found to be without probable cause. Though not mentioned in

defendant's brief, the surrender of a switchblade knife in *Jacobs* was only under what the young woman "perceived to be the threat of a strip search by a male officer." *State v. Jacobs*, supra, at 302. The evidence in this case clearly supports the conclusion that the surrender of the packet was voluntary. Cf. *State v. Neal*, 682 S.W.2d 860 (Mo.App.1984).

■ For his second point defendant states the trial court erred in not granting a motion for judgment of acquittal because the corpus delicti of the offense was not established independently of defendant's own admissions. The correct statement of the corpus delicti rule is as follows. "Extrajudicial statements, admissions or confessions, are both inadmissible and insufficient to sustain a conviction unless there is independent proof, direct or circumstantial, of the essential elements of the corpus delicti." *State v. Charity*, 587 S.W.2d 350, 353 (Mo.App.1979) (footnote omitted). "However, it is equally well established that full proof of the corpus delicti independent of the defendant's extrajudicial confessions is not required." *State v. Falbo*, 333 S.W.2d 279, 287 (Mo.1960). Also see *State v. Rife*, 619 S.W.2d 900 (Mo.App. 1981); *State v. Simpson*, 606 S.W.2d 514 (Mo.App.1980). The *Falbo* case further states:

'If a confession is made which enables the state to discover corroborating evidence of the particular crime confessed, the corroborating evidence need not be sufficient, independent of the confession, to establish complete proof that the crime is committed.'

*State v. Falbo*, supra, at 287.

■ It is not necessary to decide if the defendant's surrender of the packet of marijuana is a confession. The facts recited in reference to probable cause are sufficient to corroborate the commission of the offense confirmed by the surrender of the packet, even if that surrender is considered tantamount to a confession. *City of St. Louis v. Gavin*, supra.

Defendant's third and fourth points relate to the sufficiency of Deputy Wilson's identification of defendant as the person who handed him the bag of marijuana. Defendant asserts Deputy Wilson never positively identified him and if he did, the identification was impermissibly suggestive, tainted and thus unreliable.

These contentions are without factual foundation. In his testimony Deputy Wilson on two occasions, without objection, clearly identified the defendant seated at the counsel table as the person arrested. Later examination developed that Wilson had refreshed his memory as to the identification of defendant by looking at a picture. The undisputed evidence established this was a picture of the defendant taken the day of or the day after his arrest. The picture was part of the police report of the incident.

To support his contention that Wilson's identification was the result of a procedure impermissibly suggestive, tainted and unreliable, defendant cites *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). That case does not establish the defendant's contention.

In *Manson* an undercover police officer briefly observed a person from whom he purchased narcotics. He described that person to a fellow officer. On the basis of that description, the second officer took from the files a picture of the defendant. Two days later the first officer identified it as a picture of the seller. *Manson* said an identification from a single photograph display is to be viewed with suspicion. However, the court concluded reliability was the linchpin in determining the admissibility of identification testimony. It held that under the circumstances the procedure employed was not a basis for reversal.

■ In this case, Deputy Wilson personally observed the defendant. The defendant was immediately arrested by him, processed and photographed according to routine police procedures. Deputy Wilson did not view a photograph in an attempt to first identify someone suspected of committing a crime. He reviewed the police file containing arrest reports and a photograph of defendant to refresh his recollection. The use of the photograph was much like

showing a surveillance film to eyewitnesses for identification. The argument against such use "has been overwhelmingly rejected, since such films provide a memory-refreshing device, showing 'the man who actually committed the robbery' as opposed to the picture 'of some possible suspect in the police files.'" Nathan R. Sobel, Eyewitness Identification § 5.3(g) (1986). It was not improper for Deputy Wilson to refresh his recollection by use of the police file and photograph. *State ex rel. Pini v. Moreland,* 686 S.W.2d 499 (Mo.App.1984). Cf. *State v. Pollard,* 447 S.W.2d 249 (Mo. 1969). The fact that Deputy Wilson so refreshed his memory does not make such identification invalid, but merely goes to the weight of it. *State v. Johnson,* 537 S.W.2d 816 (Mo.App.1976). Defendant's third and fourth points are denied. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.