**250**

STATE of Missouri, Respondent,

v.

Derrick HOWARD, Appellant.

No. 60205.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 21, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 15, 1992.

Application to Transfer Denied
Nov. 24, 1992.

Robert J. Maurer, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of possession of cocaine and his sentence of five years imprisonment as a prior and persistent offender by the court. We affirm.

Police officers in Woodson Terrace were alerted to the presence of a fourteen year old female runaway from Richmond Heights in a motel in Woodson Terrace. The officers went to the designated room and knocked on the door. Defendant answered the door and upon request admitted the officers who had seen the described juvenile after the door was opened. In the room the officers noticed a large number of cotton balls on the top of a dresser and nearby a gym bag which was open. Because cotton balls are frequently used when smoking crack cocaine, one of the officers, Brunner, desired to further investigate the gym bag. A search of the bag uncovered several items of drug paraphernalia, including a pipe containing cocaine residue. Defendant was arrested and asked if he had a car at the motel. He responded no. The officers, after questioning defendant's adult female companion, located defendant's automobile in the motel parking lot. Through the open window of the vehicle the officers saw a box labeled Gem Gram Scale. The police seized the

box and found inside a scale containing residue of cocaine.

On appeal defendant challenges the admission into evidence of the pipe, scale and other drug paraphernalia on the basis they were obtained through an illegal search. He also challenges the admission of his statement that he did not have a car at the motel because it was made in response to a question after his arrest and no Miranda warnings had been given to him prior to the question and answer.

■ In reviewing a trial court's order upon a motion to suppress, the facts, and the reasonable inferences therefrom, are viewed in the light most favorable to the challenged order. *State v. Jacobs,* 704 S.W.2d 300 (Mo.App.1986) [1.c.301]. We are free to disregard contrary evidence and inferences. *Id.* The trial court will be affirmed if there is sufficient evidence to sustain the finding. *Id.* In *State v. Collins,* 816 S.W.2d 257 (Mo.App.1991) we held that because the real damage is not done until the evidence is introduced for consideration by a jury that we may consider the record made at the pretrial hearing, as well as the record made at trial prior to the introduction of the evidence sought to be suppressed. While testimony subsequent to the introduction of the evidence may not have entered into the trial court's original decision to admit the evidence the subsequent testimony was before the court when it made its ruling on the motion for new trial at which point the court reaffirmed its prior determination of admissibility. Because we are concerned ultimately with whether the jury was properly allowed to consider the challenged testimony we should, we believe, review the record as it existed when the motion for new trial was denied for it is at that point that the trial court has made its final determination of the admissibility of the evidence.

■ Brunner's testimony was less than clear about whether he received the consent of defendant before looking into a white bag within the gym bag, which white bag contained some of the incriminating evidence. In describing the sequence of occurrences in the room it appears that he opened and looked into the white bag before obtaining consent. But when asked if he had consent before he searched he replied in the affirmative. Choosing which of the two conclusions which could be drawn from that testimony depended upon the interpretation made of Brunner's testimony. We defer to the interpretation of the trial court. Additionally, whatever the problems with Brunner's testimony, another officer in the room at the time of the search testified very clearly that before Brunner looked into either bag he received consent from defendant to search the gym bag.

Defendant also contends that the testimony of the officers indicated that defendant consented to allow Brunner to "look" into the gym bag, not to search it, *citing to State v. Hyland,* 1991 WL 238599 (Mo.App. S.D. No. 17131 Nov. 18, 1991). That case was decided by the Supreme Court contrary to the position of the Court of Appeals. *State v. Hyland,* 840 S.W.2d 219 (Mo. banc 1992). It is also distinguishable from this case. There the police officer asked to look into a suitcase specifically to verify that it contained clothing. Clothing was apparent when the suitcase was opened pursuant to defendant's consent. The officer went beyond the extent of his limited request and felt around in the suitcase beneath the clothing and located controlled substances. The court held that the search went beyond the consent. Unlike that case the officer here placed no restrictions on the search intended nor the purpose of the search. He did not exceed the scope of the broad permission granted. Defendant's remaining attacks on the admission of the physical evidence are premised upon the invalidity of the initial search. Having concluded that the initial search was not invalid we find no error in the trial court rulings on the remaining items.

■ Defendant also challenges the trial court's ruling allowing testimony of defendant's untrue statement concerning not having an automobile. That statement was relevant to establishing defendant knowing possession of the residual amounts of cocaine because it indicated guilty knowledge of the scale with the residue being in his

automobile. The matter has not, however, been preserved for review. No objection to this specific testimony was made at the time of its introduction. A continuing objection to statements of defendant was made while Brunner was testifying to statements made by defendant prior to the search and the arrest when defendant was not entitled to Miranda warnings. We do not consider that that objection carried over to the automobile statement made after arrest, an entirely different subject matter occurring some ten transcript pages later. It is clear in this state that when a motion to suppress evidence is denied and the evidence is offered, the defendant must object at the trial to preserve his contentions for appellate review. *State v. Manning*, 612 S.W.2d 823 (Mo.App.1981) [7, 8]; *State v. Rayford*, 611 S.W.2d 377 (Mo.App. 1981) [1]. We are not asked to review the matter as plain error and we decline to do so *sua sponte*.

Judgment affirmed.

KAROHL, C.J., and AHRENS, J., concur.