**STATE of Missouri, Appellant,**

v.

**Edward Dean DUKE, Respondent.**

No. 20731.

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1996.

Stephen P. Sokoloff, Prosecuting Attorney, Kennett, for appellant.

H. Mark Preyer, Kennett, for respondent.

MONTGOMERY, Presiding Judge.

Defendant Edward Dean Duke was charged with possessing a controlled substance with intent to distribute, violating § 195.211.[1] After a hearing, the trial court granted Defendant's Motion to Suppress Evidence. The State appeals the trial court's action. § 547.200.1(2).

■ This Court considers the facts and reasonable inferences arising therefrom in the light most favorable to the trial court's decision. *State v. Talbert,* 873 S.W.2d 321, 323 (Mo.App.1994). The facts viewed in this light are as follows.

On December 3, 1994, an unidentified confidential informant called Dunklin County Deputy Sheriff Midkiff and told him that a man named Donald Utley had a substantial amount of drugs at his house in Kennett, Missouri. On that date, the deputy maintained surveillance on the residence. In the late morning, a vehicle drove up to the house, the driver entered the house, and then left a few minutes later. The deputy stopped the car and obtained permission from the driver, Scott Bradshaw, to search the vehicle. Kennett Police Officer Joe Brumley arrived to assist the deputy. The officer conducted the search and discovered marijuana. The driver told the officer he purchased the drugs from Donald Utley at Utley's residence. The officer radioed this information to Deputy Midkiff who had returned to the Utley home to continue his surveillance. The deputy had been away from the residence for less than ten minutes. When he returned, the deputy observed a vehicle parked in front of the residence, which he recognized as Defendant's truck. Previously, Deputy Midkiff had received information from other reliable informants that Defendant sold marijuana. After watching the residence for two or three minutes, the deputy observed Defendant exit the Utley home and drive away. Deputy Midkiff stopped Defendant and received Defendant's consent to search his truck. The deputy discovered two bags of marijuana

weighing approximately one hundred twenty-eight grams.

On November 17, 1995, the trial court heard Defendant's Motion to Suppress Evidence. The court sustained this motion and suppressed Defendant's statements to Deputy Midkiff and the evidence found in Defendant's car. In its findings of fact and conclusions of law, the trial court determined that Deputy Midkiff did not have reasonable suspicion to stop Defendant's vehicle.[2]

The State's point relied on asserts the trial court erred in suppressing the evidence because the deputy had reasonable suspicion that criminal activity was afoot when he stopped Defendant's vehicle, in that: (1) the deputy had information from a confidential informant that drugs were being sold in the residence he was surveilling; (2) in the past other unidentified informants had told him Defendant was involved in selling marijuana; (3) the occupant of the first car stopped admitted buying drugs from the residence under surveillance; and (4) Defendant stayed at the residence for only a short time.

■ The State has the burden of showing by a preponderance of the evidence that a motion to suppress should be denied. § 542.296.6; *State v. Franklin,* 841 S.W.2d 639, 644 (Mo.banc 1992). Appellate review of a motion to suppress is limited to determining whether sufficient evidence exists to sustain the trial court's holding. *State v. Wise,* 879 S.W.2d 494, 503 (Mo.banc 1994), *cert. denied,* — U.S. —, 115 S.Ct. 757, 130 L.Ed.2d 656 (1995). If the trial court's ruling is plausible in light of the record viewed in its entirety, this Court may not reverse it even though convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. *State v. Milliorn,* 794 S.W.2d 181, 184 (Mo.banc 1990). We defer to the trial court's evaluation of the credibility of the witnesses and the weight of the evidence. *State v. Villa–Perez,* 835 S.W.2d 897, 902 (Mo.banc 1992).

1. Statutory references are to RSMo 1994.

2. The United States Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 8, 88 S.Ct. 1868, 1872–73, 20 L.Ed.2d 889 (1968), determined that in order to make an investigatory stop or briefly detain a suspect, a police officer need not have probable cause, but merely a reasonable suspicion, supported by articulable facts, that criminal activity is afoot.

Police may conduct *Terry* stops of moving vehicles upon reasonable suspicion that the occupants are involved in criminal activity. *State v. Miller,* 894 S.W.2d 649, 651 (Mo.banc 1995). Reasonable suspicion is dependent upon the totality of the circumstances. *Franklin,* 841 S.W.2d at 644. The record does not support the trial court's finding that the investigatory stop was invalid. An informant told Deputy Midkiff that Don Utley had a substantial amount of drugs at his residence. This information was corroborated by Scott Bradshaw's statements indicating he had purchased drugs at the Utley home before being stopped. Additionally, Deputy Midkiff had received information from reliable informants that Defendant was involved in selling drugs.[3] Also, like Mr. Bradshaw, Defendant remained at the Utley home for only a few minutes. These factors constitute articulable facts that give rise to reasonable suspicion that Defendant was involved in criminal activity. *See State v. Sims,* 639 S.W.2d 105 (Mo.App.1982); *State v. Shelli, supra.*

The evidence is insufficient to support the trial court's ruling. The order suppressing evidence is reversed and the cause remanded for further proceedings.

PREWITT, P.J., and GARRISON, J., concur.

---

**3.** An informant's tip is adequate to create the "reasonable suspicion" for an investigatory stop. *State v. Mitchell,* 615 S.W.2d 446, 449 (Mo.App. 1981). Previous reliability of an informant is not a prerequisite necessary to establish "reasonable suspicion." *State v. Shelli,* 675 S.W.2d 79, 81 (Mo.App.1984).